**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000843**
**19-JAN-2021**
**07:59 AM**
**Dkt. 62 SO**

NO. CAAP-19-0000843

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HM, Plaintiff-Appellant,
v.
BM, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 12-1-1650)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Plaintiff-Appellant HM (**Mother**) appeals from the "Findings and Order Regarding Trial" (**Custody Order**) entered by the Family Court of the First Circuit[1] on November 12, 2019. The Custody Order awarded sole legal custody of **Child** to Defendant-Appellee BM (**Father**). For the reasons explained below, we affirm the Custody Order.

### BACKGROUND

Mother and Father were married on July 12, 2009, and are the parents of Child, who was born in 2012. Mother filed for divorce on October 15, 2012. A divorce decree was entered on August 28, 2013. Mother and Father were awarded joint legal and physical custody of Child.

Both parents filed a number of post-decree motions concerning various issues affecting Child. On November 19, 2018, Mother and Father each filed a motion for post-decree relief.

---

[1] The Honorable John C. Bryant, Jr. presided.

Father withdrew his motion and filed an amended motion on December 13, 2018.  The family court appointed a Custody Evaluator.  The Custody Evaluator submitted a confidential report on April 4, 2019, recommending an award of sole legal custody to Mother, with joint physical custody on a timesharing schedule.

The family court conducted a trial on October 21 and 22, 2019.  The Custody Order was entered on November 12, 2019.  The Custody Order made the following finding, which Mother appears to be disputing in this appeal:

> 16.   Due to the parent's [sic] post-divorce inability to co-parent [Child] the Court finds it necessary to award one parent sole legal custody.  In this case, the Court finds that it is in [Child's] best interests that Father be awarded sole legal custody of [Child] under the provisions of Section 571-46(b), HRS.

The family court awarded joint physical custody on a timesharing schedule.  Mother filed a notice of appeal.  The family court entered findings of fact and conclusions of law on January 9, 2020 (**Findings & Conclusions**).

## DISCUSSION

The statement of the points of error in Mother's opening brief does not comply with Rule 28(b)(4)(C) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**).[2]  The statement of

---

[2]    HRAP Rule 28 provides, in relevant part:

> **(b)    Opening brief. . . . .** [T]he appellant shall file an opening brief, containing the following sections in the order here indicated:
>
> . . . .
>
> (4)    A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court[;] (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.] Where applicable, each point shall also include the following:
>
> (C)    when the point involves a finding or conclusion of the court[,] either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]
>
> . . . .

(continued...)

points mentions "Finding 16" but neither quotes the finding nor appends it to the opening brief. From the context we deduce that Mother is disputing finding no. 16 of the Custody Order (quoted above), rather than finding of fact no. 16 in the Findings & Conclusions.[3] Mother does not challenge any of the findings of fact made by the family court in the Findings & Conclusions; accordingly, those findings are binding upon this court. In re AS, 132 Hawaiʻi 368, 371, 322 P.3d 263, 266 (2014).

Mother argues that the family court abused its discretion by awarding sole legal custody to Father "based on one single factor, and only one, of 17 [sic] enumerated factors" set forth in Hawaii Revised Statutes (**HRS**) § 571-46.[4] The Custody Order cites HRS § 571-46(b)(11):

> 12. The Court finds that Mother's alienation of [Child] towards [Child's] extended paternal family is not in [Child's] best interests and is in contradiction of Section 571-46[(b)](11), HRS, which notes that one of the factors a Court shall consider in determining the best interests of the child is a parent's ability to allow the child to maintain "family connections through family events and activities...." Id. [sic]

HRS § 571-46(b)(11) (2018) provides:

> (b) In determining what constitutes the best interest of the child under this section, the court shall consider, but not be limited to, the following:
>
> . . . .
>
> (11) Each parent's actions demonstrating that they allow the child to maintain family connections

---

[2](...continued)
Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.

[3] Finding of fact no. 16 of the family court's Findings & Conclusions states:

16. Testimony further proved that the child is doing well in school.

Mother does not contend that Child is not doing well in school.

[4] HRS § 571-46(b) (2018) actually lists 16 factors for the family court to consider in determining what constitutes the best interest of the child.

through family events and activities; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent[.]

The unchallenged Findings & Conclusions state:

9. The Court record shows that since the Divorce was final, the parties have between themselves filed approximately twelve (12) substantive motions regarding, but not limited to: Legal and Physical custody; visitation; choice of schools; choice of pediatrician; choice of dentist; right of first refusal; college savings plans; tax dependency exemptions[;] Chinese language lessons; piano lessons; child care costs; protection from parental disputes; pick up and drop off locations and times; Chinese New Year visitation; foreign country travel; and harassing e-mails between the parties regarding the child.

10. This Court counted Mother filing six (6) substantive Motions and Father filing six (6).

11. The Court specifically finds that this amount of post-decree litigation is not [in] the child's best interest.

12. The Court finds the Custody Evaluator to be correct in stating the parties have resorted to utilizing Family Court to make parenting decisions for the Child.

13. The parties have demonstrated an inability to co-parent.

. . . .

20. The Court finds that it is not disputed that Mother has, to the best of her ability, tried to restrict Father's extended family from having a relationship with the child.

21. When Father's adult daughter, [a dentist], did a necessary dental procedure on the child, mother objected and reported [the dentist], the child's half-sister, to the Regulated Industries Complaint Office. The Court finds this was/is not in the child's best interest.

22. Mother strenuously and inappropriately objected to [Child's half-sister]'s presence at the child's preschool graduation. The Court finds that this was/is not in the child's best interest.

23. The child reported that she did not want paternal grandmother to come to her piano recital because Mother did not want paternal grandmother there. The Court finds that this was/is not in the child's best interest.

24. The Court finds that Mother's alienation of the child towards the child's extended paternal family is not in the child's best interest and is [in] direct contradiction of HRS Section 571-46[(b)](11).

. . . .

> 31. The Court finds though that it is necessary to award one parent sole legal custody as there was ample evidence that the parties are unable to co-parent the child and joint legal custody is not in the child's best interest.
>
> . . . .
>
> 35. The Court finds that it is in the child's best interest that Father be awarded sole legal custody. He is better suited to make legal decisions for the Child[.]

(Footnote omitted.) In addition to HRS § 571-46(b)(11), the unchallenged findings also support an award of sole legal custody to Father under these other HRS § 571-46(b) factors:

> (10) The child's need for relationships with siblings;
>
> . . . .
>
> (12) Each parent's actions demonstrating that they separate the child's needs from the parent's needs; [and]
>
> . . . .
>
> (15) The areas and levels of conflict present within the family[.]

Mother has not pointed to any evidence in the record showing that any of the HRS § 571-46(b) factors should have caused the family court to award <u>her</u> sole legal custody of Child, or to <u>not</u> award sole legal custody to Father.

Mother also argues the family court erred by disregarding the Custody Evaluator's written recommendation to award sole legal custody to Mother. The credibility of the Custody Evaluator's recommendation was called into question by the written testimony of Child's therapist. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." <u>Fisher v. Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted); <u>see also</u> <u>L.R.O. v. N.D.O</u>, 148 Hawaiʻi 336, 352, 475 P.3d 1167, 1183 (2020) ("A custody evaluator's expert opinion is treated as evidence, and the family court as factfinder is permitted to assign weight to that opinion based on its credibility assessment.") (citations omitted). On the record before us, we cannot say that the family

court abused its discretion by crediting the testimony of Child's therapist over the recommendation of the Custody Evaluator.

Finally, Mother argues that the family court erred by modifying Child's legal custody provisions because Father failed to show a "material change in circumstances[,]" citing <u>Nadeau v. Nadeau</u>, 10 Haw. App. 111, 121, 861 P.2d 754, 759 (1993), <u>over-ruled by</u> <u>Waldecker v. O'Scanlon</u>, 137 Hawaiʻi 460, 375 P.3d. 239 (2016). In <u>Waldecker</u> the supreme court held that "the require-ment of a material change in circumstances is inconsistent with HRS § 571-46." 137 Hawaiʻi at 470, 375 P.3d at 249. The supreme court overruled <u>Nadeau</u> and another case "to the extent they suggest that a material change in circumstances is required before the court can consider the best interests of the child in modifying a custody order[,]" and instead held: "[r]ather than that two-step analysis, there is a single inquiry which focuses on the best interests of the child." <u>Id.</u> The family court did not abuse its discretion by holding that it was in Child's best interest that Father be awarded sole legal custody.

## CONCLUSION

For the foregoing reasons, the "Findings and Order Regarding Trial" entered by the Family Court of the First Circuit on November 12, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, January 19, 2021.

On the briefs:

Barry L. Sooalo,
for Plaintiff-Appellant.

Alethea Kyoko Rebman,
Dyan K. Mitsuyama,
Donna Davis Green,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge